UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRODICE LAWSON, SR.,

                              Plaintiff,

                                                            6:13-CV-1420
v.                                                      (TJM/TWD)

LIZ CESARI, SARA MEITZ,
UTICA POLICE DEPARTMENT,

                              Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

BRODICE LAWSON, SR.
Plaintiff pro se
1431 Genesee Street #312B
Utica, New York 13501

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this pro se complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that (1) the Court dismiss the claims against Defendants Liz Cesari and Sara Meitz without leave to amend; and (2) the Court dismiss the claim against the Utica Police Department with leave to amend.

**I.    ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges that at midnight on January 1[1] he was looking at a black Cadillac at a dealership on Rutger Street in Utica. (Dkt. No. 1 at 3.) A Utica Police Department officer

---

[1]    The complaint does not specify the year.

grabbed Plaintiff from behind, threw him against the officer's car, and handcuffed Plaintiff's left wrist. *Id.* The officer refused to answer when Plaintiff asked why he was being arrested. *Id.* at 3-4. The officer searched Plaintiff's pockets and stated that he would shoot Plaintiff if Plaintiff moved. *Id.* at 4. The officer called for backup and two more officers arrived. *Id.* The officers continued to search Plaintiff until "the arresting officer came and said 'look what I found' [and] all of a sudden came up with [two packages] of some white substance in some kind of wrap." *Id.*

Plaintiff alleges that Defendant Liz Cesari, a public defender, was appointed to represent him. *Id.* at 2. Plaintiff alleges that Defendant Cesari "disregarded me and only wanted me to plead out," failed to speak in court in Plaintiff's defense, and told Plaintiff that she did not have a choice about whether to represent him or not. *Id.* Plaintiff alleges that Defendant Sara Meitz, also a public defender, took over the case from Defendant Cesari and "never defended me [] [e]specially during trial." *Id.* Plaintiff alleges that in the course of his ensuing criminal trial the officers lied about the details of the arrest and about what they discovered while searching Plaintiff. *Id.* at 5. Plaintiff alleges that he lost his case as a result of the "malpractice" of Defendants Cesari and Meitz. *Id.* at 2-3. Plaintiff was sentenced to sixty days in jail. *Id.* at 5.

Plaintiff alleges that during the seventy-five days he served in jail before trial he was placed in a cell naked for two weeks. *Id*. at 5. Plaintiff alleges that he hurt his toe and the whole toenail came off, causing pain and suffering. *Id.*

Plaintiff filed the complaint in this action on November 14, 2013. (Dkt. No. 1.) Plaintiff names Liz Cesari, Sara Meitz, and the Utica Police Department as defendants. (Dkt. No. 1 at 6-7.) Plaintiff requests compensation for the fifteen days he spent in jail over and above the sixty days to which he was sentenced. *Id.* at 5-6. Plaintiff further requests the return of the money that

was on his person when he was arrested and compensatory damages for his pain and suffering. *Id.* at 9.

## II.  PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[2]

## III.  LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a

---

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

### A. Claims Against Defendants Cesari and Meitz

Plaintiff asserts claims against Defendants Cesari and Meitz, his criminal defense attorneys, under 42 U.S.C. § 1983 (2012). (Dkt. No. 1 at 1-3.) Section 1983 permits a person to recover damages for the deprivation of constitutional rights "under color of any statute,

4

ordinance, regulation, custom, or usage of any State or Territory." 42 U.S.C. § 1983 (2012). It is well established that criminal defense attorneys, whether private or court-appointed, are not state actors for the purposes of § 1983. *See Housand v. Heiman*, 594 F.2d 923 (2d Cir. 1979); *Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997); *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003).[3] Because of this lack of state action, Plaintiff's claims against his criminal defense attorneys are not cognizable under § 1983. Therefore, I recommend that the Court dismiss these claims.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, the problem with Plaintiff's claims against his criminal defense attorneys is substantive and could not be cured with better pleading. Therefore, I recommend that the Court dismiss the claims without leave to amend.

### B. Claim Against the Utica Police Department

Plaintiff names the Utica Police Department as a defendant in this action. (Dkt. No. 1 at 7.) In order "to hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or custom that

---

[3] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

(2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S 658, 690-91 (1978), *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986), and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, the complaint does not allege any facts plausibly suggesting an official policy or custom that caused Plaintiff to be subjected to the denial of his constitutional rights. Therefore, I recommend that the Court dismiss the claim against the Utica Police Department with leave to amend.

**WHEREFORE**, it is hereby

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003); and it is further

**RECOMMENDED** that the claims against Defendants Cesari and Meitz be dismissed

without leave to amend; and it is further

**RECOMMENDED** that the Court dismiss the claim against Defendant Utica Police Department with leave to amend within thirty days of any Order adopting this Report-Recommendation; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 20, 2013
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge