UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRODICE LAWSON, SR.,

                                  Plaintiff,

                                                                                  6:13-CV-1420
v.                                                                                 (TJM/TWD)

LIZ CESARI, SARA MEITZ,
UTICA POLICE DEPARTMENT,

                                  Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

BRODICE LAWSON, SR.
Plaintiff pro se
1431 Genesee Street #312B
Utica, New York 13501


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this amended pro se complaint to the undersigned for review. (Dkt. No. 26.) For the reasons discussed below, I recommend that the Court dismiss the complaint without leave to amend.

### I.    ALLEGATIONS OF THE ORIGINAL COMPLAINT

      In the original complaint, Plaintiff alleged that at midnight on January 1[1] he was looking at a black Cadillac at a dealership on Rutger Street in Utica. (Dkt. No. 1 at 3.) A Utica Police Department officer grabbed Plaintiff from behind, threw him against the officer's car, and

---

[1] The original complaint did not specify the year. The amended complaint states that the events occurred on January 1, 2014. (Dkt. No. 26 at 3.) However, that date is clearly a typographical error because the original complaint was filed in 2013.

handcuffed Plaintiff's left wrist. *Id.* The officer refused to answer when Plaintiff asked why he was being arrested. *Id.* at 3-4. The officer searched Plaintiff's pockets and stated that he would shoot Plaintiff if Plaintiff moved. *Id.* at 4. The officer called for backup and two more officers arrived. *Id.* The officers continued to search Plaintiff until "the arresting officer came and said 'look what I found' [and] all of a sudden came up with [two packages] of some white substance in some kind of wrap." *Id.*

Plaintiff alleged that former Defendant Liz Cesari, a public defender, was appointed to represent him. *Id.* at 2. Plaintiff alleged that Ms. Cesari "disregarded me and only wanted me to plead out," failed to speak in court in Plaintiff's defense, and told Plaintiff that she did not have a choice about whether to represent him or not. *Id.* Plaintiff alleged that former Defendant Sara Meitz, also a public defender, took over the case from Ms. Cesari and "never defended me [] [e]specially during trial." *Id.* Plaintiff alleged that in the course of his ensuing criminal trial the officers lied about the details of the arrest and about what they discovered while searching Plaintiff. *Id.* at 5. Plaintiff alleged that he lost his case as a result of the "malpractice" of Ms. Cesari and Ms. Meitz. *Id.* at 2-3. Plaintiff was sentenced to sixty days in jail. *Id.* at 5.

Plaintiff alleged that during the seventy-five days he served in jail before trial he was placed in a cell naked for two weeks. *Id*. at 5. Plaintiff alleged that he hurt his toe and the whole toenail came off, causing pain and suffering. *Id.*

Plaintiff filed the original complaint in this action on November 14, 2013. (Dkt. No. 1.) Plaintiff named Liz Cesari, Sara Meitz, and the Utica Police Department as defendants. (Dkt. No. 1 at 6-7.) Plaintiff requested compensation for the fifteen days he spent in jail over and above the sixty days to which he was sentenced. *Id.* at 5-6. Plaintiff further requested the return

2

of the money that was on his person when he was arrested and compensatory damages for his pain and suffering. *Id.* at 9.

## II. PROCEDURAL SUMMARY

On November 20, 2013, I recommended that the Court dismiss Plaintiff's claims against Ms. Cesari and Ms. Meitz without leave to amend because criminal defense attorneys are not state actors for the purposes of 42 U.S.C. § 1983. (Dkt. No. 4 at 4-5.) I further recommended that the Court dismiss the claims against the Utica Police Department with leave to amend because Plaintiff had failed to allege any facts plausibly suggesting an official policy or custom that caused Plaintiff to be subjected to the denial of his constitutional rights. *Id.* at 5-6.

The Court adopted the Report-Recommendation on September 4, 2014. (Dkt. No. 17.) The Court granted Plaintiff leave to amend to plead "a claim against a proper defendant or defendants and, if brought against a municipality, [to plead] an injury caused by an official policy, practice, or custom of that municipality." *Id.* at 3.

Plaintiff requested and received several extensions of time to file the amended complaint. (Dkt. Nos. 18-20, 23.) Plaintiff also filed an interlocutory appeal, which was dismissed for lack of jurisdiction. (Dkt. Nos. 22, 28, 30.) Plaintiff ultimately filed an amended complaint, which is now before the Court for initial review. (Dkt. No. 26.)

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)

3

(2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse

4

party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

IV. ANALYSIS

The amended complaint names the Utica Police Department as the sole Defendant. (Dkt. No. 26 at 1.) The amended complaint describes the police officers' conduct during the search, arrest, and trial of Plaintiff. *Id.* at 3-4. The amended complaint does not name the officers or any Does as Defendants. The amended complaint does not allege any facts plausibly suggesting that the officers' conduct was the result of an official policy, practice, or custom. Therefore, I recommend that the Court dismiss the amended complaint. Because Plaintiff has already been granted an opportunity to amend the complaint, I recommend that the Court dismiss the amended complaint without leave to amend.

**WHEREFORE**, it is hereby

**RECOMMENDED** that the complaint be dismissed without leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated: April 1, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge